UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AT&T CORP., | |
| Plaintiff, | Civil Action No.: |
| v. | COMPLAINT |
| EF EDUCATION FIRST, INC.; EF INSTITUTE FOR CULTURAL EXCHANGE; EF TRAVEL, INC.; EF EDUCATIONAL TOURS; EF INTERNATIONAL SCHOOL; EF EDUCATIONAL FOUNDATION FOR FOREIGN STUDY; and JOHN DOES (1-10), representing various individuals and entities whose names and addresses are presently unknown, | MAGISTRATE JUDGE_____ 03 CV 12546 WGY |
| Defendants. | |

RECEIPT # 52613
AMOUNT $ 150.-
SUMMONS ISSUED ___
LOCAL RULE 4.1 ___
WAIVER FORM ___
MCF ISSUED ___
BY DPTY. CLK. ___
DATE 12/18/03

Plaintiff, AT&T Corp. ("AT&T"), by way of Complaint against Defendants, EF Education First, Inc. ("Education First"); EF Institute for Cultural Exchange ("Cultural Exchange"); EF Travel, Inc. ("Travel"); EF Educational Tours ("Educational Tours"); EF International School ("International School"); EF Educational Foundation for Foreign Study ("Educational Foundation") and John Does (1-10), representing various individuals and entities whose names are presently unknown, (collectively "Defendants"), alleges as follows:

### NATURE OF CASE

1.  AT&T sues Defendants for unpaid charges for telecommunications services provided by AT&T to Defendants pursuant to agreements between AT&T and Defendants and AT&T's tariffs (the "Tariffs") filed with the Federal Communications Commission.

## PARTIES

2.      AT&T is a corporation organized and existing under the laws of the State of New York and maintains a principal place of business in Bedminster, New Jersey.

3.      On information and belief, Education First is a corporation organized and existing under the laws of the state of California with a principal place of business at One Education Street, Cambridge, Massachusetts 02141.

4.      On information and belief, Cultural Exchange, a subsidiary of Education First, merged with Travel, also a subsidiary of Education First. Travel is a corporation organized and existing under the laws of the state of Massachusetts with a principal place of business at One Education Street, Cambridge, Massachusetts 02141.

5.      On information and belief, Educational Tours is a d/b/a of Cultural Exchange with a principal place of business at One Education Street, Cambridge, Massachusetts 02141.

6.      On information and belief, International School is a subsidiary of Education First with a principal place of business at 200 Lake Street, Brighton Massachusetts 02136.

7.      On information and belief, Educational Foundation is a subsidiary of Education First and is a corporation organized and existing under the laws of the state of Massachusetts with a principal place of business at One Education Street, Cambridge, Massachusetts 02141.

8.      On information and belief, John Does (1-10) are affiliated with Defendants Education First, Cultural Exchange, Travel, Educational Tours, International School and Educational Foundation, have received and/or utilized AT&T's services and/or are responsible in whole or in part for payment of the amounts claimed by AT&T herein.

## JURISDICTION

9. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, as diversity of citizenship between the parties exists and the matter in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.

## VENUE

10. Venue is proper in the Eastern District of Massachusetts pursuant to 28 U.S.C. § 1391, because a substantial part of the events and omissions giving rise to the claims occurred in this district and Defendants maintain a principal place of business within this district.

## FIRST COUNT

11. AT&T repeats and reiterates the allegations contained in the foregoing paragraphs as if set forth fully herein.

12. At all times relevant to this action and pursuant to the Tariffs and/or the Contracts between AT&T and Defendants (the "Contracts"), Defendants agreed to pay AT&T for telecommunications services as well as all other associated charges provided by AT&T. The Tariffs and/or the Contracts make Defendants responsible for the payment of all invoices for telecommunications services rendered to Defendants as well as all other associated charges.

13. Defendants were obligated to pay AT&T for telecommunications services rendered to Defendants as well as other applicable charges on presentation of invoices to Defendants for same.

14. AT&T billed Defendants $317,680.47 (the "Amount") in accordance with the applicable rates and charges set forth in the Tariffs and/or the Contracts, including charges

incurred as a result of Defendants' failure to comply with the terms of the Tariffs and/or the Contracts, for telecommunications services provided relative to account numbers 8001-483-8041; 8001-974-9722; 1000-557-9031; 8001-971-6226; 8001-975-4193; 1000-558-1243; 8002-033-3375; 1000-558-1193; 1000-569-5704; 1000-558-1276; 1000-557-9858; 151-209-1454-580; and 1000-559-5581, from in or about January 2001 through January 2003.

15. Defendants have failed and refused to pay the Amount owed to AT&T. The Amount remains due and owing from Defendants.

**WHEREFORE,** AT&T demands judgment against Defendants on the First Count of the Complaint:

(1) in the amount of $317,680.47 plus pre-judgment and post-judgment interest;

(2) awarding costs and disbursements incurred by AT&T in prosecuting this action, including reasonable attorneys' fees; and

(3) for such other and further relief as the Court deems just and proper.

## SECOND COUNT

16. AT&T repeats and reiterates the allegations contained in the foregoing paragraphs as if set forth fully herein.

17. There is due from Defendants the Amount on a certain book account for telecommunications services rendered to Defendants as well as all other associated charges. Payment has been demanded and has not been made.

**WHEREFORE,** AT&T demands judgment against Defendants on the Second Count of the Complaint:

(1) in the amount of $317,680.47 plus pre-judgment and post-judgment interest;

(2) awarding costs and disbursements incurred by AT&T in prosecuting this action, including reasonable attorneys' fees; and

(3) for such other and further relief as the Court deems just and proper.

### THIRD COUNT

18. AT&T repeats and reiterates the allegations contained in the foregoing paragraphs as if set forth fully herein.

19. AT&T sues Defendants for telecommunications services rendered to Defendants as well as all other associated charges on the promise by Defendants to pay the Amount. Payment has been demanded and has not been made.

**WHEREFORE,** AT&T demands judgment against Defendants on the Third Count of the Complaint:

(1) in the amount of $317,680.47 plus pre-judgment and post-judgment interest;

(2) awarding costs and disbursements incurred by AT&T in prosecuting this action, including reasonable attorneys' fees; and

(3) for such other and further relief as the Court deems just and proper.

### FOURTH COUNT

20. AT&T repeats and reiterates the allegations contained in the foregoing paragraphs as if set forth fully herein.

21. AT&T sues Defendants for the reasonable value of telecommunications services rendered to Defendants as well as all other associated charges on the promise of Defendants to pay a reasonable sum for same. Payment has been demanded and has not been made.

**WHEREFORE,** AT&T demands judgment against Defendants on the Fourth Count of the Complaint:

(1)     in the amount of $317,680.47 plus pre-judgment and post-judgment interest;

(2)     awarding costs and disbursements incurred by AT&T in prosecuting this action, including reasonable attorneys' fees; and

(3)     for such other and further relief as the Court deems just and proper.

## FIFTH COUNT

22.     AT&T repeats and reiterates the allegations contained in the foregoing paragraphs as if set forth fully herein.

23.     Defendants, being indebted to AT&T in the Amount on an account stated between them, did promise to pay to AT&T said sum on demand. Payment has been demanded and has not been made.

**WHEREFORE,** AT&T demands judgment against Defendants on the Fifth Count of the Complaint:

(1)     in the amount of $317,680.47 plus pre-judgment and post-judgment interest;

(2)     awarding costs and disbursements incurred by AT&T in prosecuting this action, including reasonable attorneys' fees; and

-7-

(3)    for such other and further relief as the Court deems just and proper.

                KIELY & VISNICK

                By:_____
                Kevin J. Kiely, Esq. (Bar No. 542043)
                11 School Street
                Rockport, MA 019966
                978.546.2525
                978.546.9758 Telecopier

                -and-

                Alix R. Rubin, Esq.
                LOWENSTEIN SANDLER PC
                65 Livingston Avenue
                Roseland, NJ 07068
                973.597.2500
                973.597.2400 Telecopier
                Attorneys for Plaintiff AT&T Corp.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AT&T CORP., <br><br> Plaintiff, <br><br> v. <br><br> EF EDUCATION FIRST, INC.; EF INSTITUTE FOR CULTURAL EXCHANGE; EF TRAVEL, INC.; EF EDUCATIONAL TOURS; EF INTERNATIONAL SCHOOL; EF EDUCATIONAL FOUNDATION FOR FOREIGN STUDY and JOHN DOES (1-10), representing various individuals and entities whose names and addresses are presently unknown, <br><br> Defendants. | Civil Action No.: <br><br><br> RULE 7.1 STATEMENT |

Pursuant to Fed.R.Civ.P. 7.1(a), Plaintiff AT&T Corp. ("AT&T"), a nongovernmental corporate party, hereby states that it has no parent corporation and is not aware of any publicly held corporation that owns 10 percent or more of its stock. However, Capital Research and Management Company, 333 South Hope Street, 55th Floor, Los Angeles, CA

12459/769
12/11/03 1485329.01

-2-

90071, has disclosed in public filings that it owns more than 10 percent of AT&T's stock.

KIELY & VISNICK

By:_____
Kevin J. Kiely, Esq. (Bar No.542043)
11 School Street
Rockport, MA 01966
978.546.2525
978.546.9758 Telecopier

-and-

Alix R. Rubin, Esq.
LOWENSTEIN SANDLER PC
65 Livingston Avenue
Roseland, NJ 07068
973.597.2500
973.597.2400 Telecopier
Attorneys for Plaintiff AT&T Corp.